David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone:   (602) 265-3332
Facsimile:    (602) 230-4482

Attorneys for the Plaintiff
Lee Ward

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Lee Ward | Case Number: |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Northstar Location Services, LLC | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Lee Ward, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Northstar Location Services, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## PARTIES

9. Plaintiff is a natural person who resides in the City of Winslow, County of Navajo, State of Arizona.

10. Defendant is located in the City of Cheektowaga, the County of Erie, and the State of New York.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

13. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

14. At all times relevant, Defendant conducted business within the State of Arizona.

15. Sometime before November 29, 2008, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before November 29, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

18. Subsequently, but before November 29, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about November 29, 2008, Defendant telephoned Plaintiff's father and demanded payment of the alleged debt.

20. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

21. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

22. On or about November 29, 2008, Plaintiff's father Clarence Ward, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a call from Defendant and discussed Plaintiff's alleged debt. This call was a

"communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

23. During this conversation, Defendant's agent, Jason, attempted to collect the debt directly from Plaintiff's father, as well as discussed all details of the alleged debt.

24. During this conversation, Plaintiff's father informed Defendant that he was not Plaintiff, and that they could not reach Plaintiff at this number.

25. That same day, Plaintiff called Defendant to inform them he did not live with his father, that he could not be reached at his father's phone number, and requested that Defendant no longer contact Plaintiff nor Plaintiff's father.

26. During this conversation Plaintiff attempted to dispute the alleged debt. Defendant's agent then read Plaintiff's social security number to him and then stated since they had the correct social security number, Plaintiff had no right to dispute the debt. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

27. Further during this conversation Defendant's agent stated he had a right to continue calling Plaintiffs father and would continue to do so until the debt was paid. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

28. This statement represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

29. During this same conversation, Defendant also threatened to report the alleged debt on Plaintiff's credit report. This statement represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

30. On or about December 1, 2008, Plaintiff's father Clarence Ward, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), again received a call from Defendant and discussed Plaintiff's alleged debt.  This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

31. During this conversation, Defendant's agent again attempted to collect the debt directly from Plaintiff's father, as well as discussed all details of the alleged debt.

32. During this conversation, Plaintiff's father again informed Defendant that he was not Plaintiff, and that they could not reach Plaintiff at this number.

33. This second call to Plaintiff's father violated 15 U.S.C. § 1692b(3).

34. On or about early December 2008, Plaintiff's father Clarence Ward, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), again received a third call from Defendant and discussed Plaintiff's alleged debt. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This

communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

35. During this conversation, Defendant's agent again attempted to collect the debt directly from Plaintiff's father, as well as discussed all details of the alleged debt.

36. During this conversation, Plaintiff's father again informed Defendant that he was not Plaintiff, and that they could not reach Plaintiff at this number.

37. This third call to Plaintiff's father violated 15 U.S.C. § 1692b(3).

38. On or about December 1, 2008, Defendant telephoned Plaintiff. Defendant then placed a message on the answering machine or voice mail of Plaintiff and merely stated a telephone number that was subsequently determined to be the business of Defendant, along with a demand that Plaintiff call that number.  Without any legal exception, this communication did not provide the company name used by Defendant or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity.  Consequently, this communication violated 15 U.S.C. § 1692d(6).

39. On or about December 3, 2008, Defendant telephoned Plaintiff. Defendant then placed a message on the answering machine or voice mail of Plaintiff and merely stated a telephone number that was subsequently determined to be the business of Defendant, along with a demand that Plaintiff call that number.  Without any legal exception, this communication did not provide the company name used by Defendant or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity.  Consequently,

HYDE & SWIGART
Phoenix, Arizona

this communication violated 15 U.S.C. § 1692d(6).

40. During the period of December 3, 2008 until December 15, 2008, Defendant continued telephoning Plaintiff. Defendant continued placing messages on the answering machine or voice mail of Plaintiff and merely stated a telephone number that was subsequently determined to be the business of Defendant, along with a demand that Plaintiff call that number.  Without any legal exception, this communication did not provide the company name used by Defendant or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity.  Consequently, this communication violated 15 U.S.C. § 1692d(6).

41. On or about December 8, 2008, Plaintiff sent to Defendant a letter in which Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

42. On or about December 16, 2008, after Plaintiff received confirmation that Defendant had received Plaintiff's letter, Defendant telephoned Plaintiff in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c).  Consequently, Defendant violated 15 U.S.C. § 1692c(c).

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

46. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

47. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

48. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### TRIAL BY JURY

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 29, 2009        **Hyde & Swigart**

By: _/s/ David J. McGlothlin___
David J. McGlothlin
Attorneys for the Plaintiff